UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RUSSELL JAY GOULD, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>LAS ANIMAS, COLORADO COUNTY COURT, *et al.*,<br><br>    Defendants. | Case No. 1:12-cv-00221-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Defendant Andrew M. Hall's Motion to Dismiss (Dkt. 8). The Court has determined that oral argument will not assist the Court in resolving the motion, and the Court issues the following decision.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964 (2007).  While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555.  To survive a

motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. at 570.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Id*. at 556.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  *Id*.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. at 557.

 In a more recent case, the Supreme Court identified two "working principles" that underlie *Twombly*.  *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  *Id*.  "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*. at 1950.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  *Id*.  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

 Providing too much in the complaint may also be fatal to a plaintiff. Dismissal may be appropriate when the plaintiff has included sufficient allegations disclosing some absolute defense or bar to recovery.  *See Weisbuch v. County of L.A.*, 119 F.3d 778, 783,

MEMORANDUM DECISION AND ORDER - 2

n. 1 (9th Cir. 1997) (stating that "[i]f the pleadings establish facts compelling a decision one way, that is as good as if depositions and other . . . evidence on summary judgment establishes the identical facts").

A dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009)(issued 2 months after *Iqbal*).1  The Ninth Circuit has held that "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Service, Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).  The issue is not whether plaintiff will prevail but whether he "is entitled to offer evidence to support the claims." *Diaz v. Int'l Longshore and Warehouse Union, Local 13*, 474 F.3d 1202, 1205 (9th Cir. 2007)(citations omitted).

Under Rule 12(b)(6), the Court may consider matters that are subject to judicial notice. *Mullis v. United States Bank*, 828 F.2d 1385, 1388 (9th Cir. 1987).  The Court may take judicial notice "of the records of state agencies and other undisputed matters of public record" without transforming the motions to dismiss into motions for summary judgment. *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 (9th Cir. 2004).  The Court may also examine documents referred to in the complaint, although not attached thereto, without transforming the motion to dismiss into a motion for summary judgment. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

MEMORANDUM DECISION AND ORDER - 3

## ANALYSIS

1. **Hall's Motion to Dismiss**

Hall asks the Court to dismiss the complaint against him based upon several grounds, including failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). The plaintiffs have failed to respond to the motion, and the deadline for responding has passed. Moreover, the plaintiffs' Complaint and Amended Complaint are completely incomprehensible. In fact, had they not been denominated and filed as complaints in the Court's CM/ECF system, there would be no reason to perceive them as constituting civil complaints. It is a challenge to comprehend even one sentence in either document.

Under these circumstances, the complaint against Hall must be dismissed. Neither complaint comes close to giving Hall "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964 (2007). Moreover, the complaint must be dismissed without leave to amend because it cannot be saved by any amendment. *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009). The Court can envision no way the plaintiffs can cure their complaint by the allegation of other facts. *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Service, Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

2. **Dismissal of Complaint Against Remaining Defendants**.

The Court will also dismiss the complaint against the remaining defendants. A district court may dismiss a complaint pursuant Rule 12(b)(6) on its own motion. *Velasco*

*v. Security Nat. Mortg. Co.*, 823 F.Supp.2d 1061, 1067 (D.Hawaii 2011) (*citing Omar v. Sea–Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir.1987). Even "a paid complaint that is 'obviously frivolous' does not confer federal subject matter jurisdiction and may be dismissed *sua sponte* before service of process." *Id*. (*citing Franklin v. Murphy*, 745 F.2d 1221, 1227 n. 6 (9th Cir.1984). The Court may also dismiss *sua sponte* a complaint for failure to comply with Rule 8. *Id*. "A complaint that is so confusing that its "true substance, if any, is well disguised" may be dismissed *sua sponte* for failure to satisfy Rule 8. *Id*. (*citing Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir.2008) (additional citations omitted). As explained above, the plaintiff's complaint is incomprehensible. Accordingly, the Court will dismiss the complaint against all defendants.

## ORDER

**IT IS ORDERED:**

1. Defendant Andrew M. Hall's Motion to Dismiss (Dkt. 8) is **GRANTED**. This case shall be dismissed against all defendants.

2. The Court will enter a separate judgment in accordance with F. R. C. P. 58.

DATED:  **August 13, 2012**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge